UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
DAIMLERCHRYSLER SERVICES
NORTH AMERICA LLC,  :  CASE NO. 4:05-CV-2848

    Plaintiff,

vs.  :  ORDER & OPINION
    [Resolving Docs. No.70, 94, 95]

LABATE CHRYSLER, JEEP, DODGE,
INC., *et al.*

    Defendants.
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Rebecca and Stephen Labate (the "Labates") move for summary judgment against Intervening Plaintiff/Counter-Claimant Ohio Edison Penn Power Credit Union ("Ohio Edison"). [Doc. 70.] For the reasons set forth below, the Court **DENIES** Defendants' motion for summary judgment.

## I. BACKGROUND

With this motion, the Court decides whether - as a matter of law - Defendants Rebecca and Stephen Labate can be held individually liable for the note executed with Ohio Edison. On October 21, 2005, Defendant Labate Chrysler Jeep Dodge, Inc. ("Labate Chrysler") entered into a financing agreement with Ohio Edison in connection with the purchase of a Dodge Charger. [Docs. 70, 94,95.] In connection with that financing agreement, Ohio Edison alleges that Rebecca and Stephen Labate executed the note and security agreement at issue in both an individual capacity and corporate

-1-

Case No. 4:05-CV-2848
Gwin, J.

capacity as Labate Chrysler agents. [Doc. 94.]

In response, Defendants Rebecca and Stephen Labate say that they acted solely as corporate officers in executing the note and security agreement described above and therefore argue that they are entitled to judgment as a matter of law. [Doc. 70.] The Court considers the Labates' motion for summary judgment below.

## II. LEGAL STANDARD

Summary judgment is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id*.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It is not sufficient for the nonmoving party merely to show that there is some

Case No. 4:05-CV-2848
Gwin, J.

existence of doubt as to the material facts. *Id.* Nor can the nonmoving party "rest upon the mere allegations or denials of the adverse party's pleading." Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *National Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). "The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)); *see also Celotex*, 477 U.S. at 322. Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (citation omitted).

### III. ANALYSIS

Unsurprisingly, under Ohio law corporate officers generally are not held individually liable on contracts that they enter into on behalf of a corporation. *See Hommel v. Micco*, 76 Ohio App.3d 690, 697, 602 N.E.2d 1259 (1991). In order to avoid individual liability, however, Ohio law requires corporate officers to clearly identify the capacity in which they are acting in a particular transaction. *Id; see also James G. Smith & Assocs., Inc.v. Everett,* 1 Ohio App.3d 118,439 N.E.2d 932 (1981) (to avoid personal liability, a party "must so conduct himself in dealing on behalf of the corporation with third persons that those persons are aware that he is an agent of the corporation and it is the corporation (principal) with which they are dealing, not the agent individually"). The objective of this rule is to remove any incentive for such officers to engage in deceptive practices related to their

Case No. 4:05-CV-2848
Gwin, J.

dual capacities. *Hommel*, 76 Ohio App.3d at 697.

In this case, Defendants Rebecca and Stephen Labate argue that "[t]he language and signatures of the note are unambiguous" in establishing that both of the Labates signed the note only as corporate officers. [Doc. 70.] Accordingly, they say that the Court should dismiss Ohio Edison's claim against them as individuals. *Id.* The Court must be easily confused, because despite the Defendants' assurances we find that substantial ambiguity does exist with respect to the Defendants' execution of the note at issue in this case.

As was noted above, the touchstone of any inquiry regarding whether an individual executed a document in a personal or corporate capacity is whether the purported officers has clearly identified the capacity in which she is acting. *Hommel*, 76 Ohio App.3d at 697; *James G. Smith & Assocs., Inc.,* 1 Ohio App.3d at 120. As a general rule, an officer meets this obligation where they specify their corporate title next to their name or otherwise show that they are signing on behalf of the corporation. *Cannon v. Miller Rubber Products Co.*, 128 Ohio St. 72,75 (1934). Here, Stephen Labate initially seems to comply with this obligation, noting next to his first signature that he is signing for Labate Chrysler. [Docs. 74, 94, 95.] Labate muddies the waters, however, by again signing the note without indicating that he also undertakes this second signature in a corporate capacity. *Id.* Similarly, Rebecca Labate's signature on the note fails to indicate in what capacity she is executing the document. *Id.*

Given that Ohio law places the burden on a purported officer to clearly indicate that they are acting in a corporate rather than individual capacity, the Court rejects the Defendants' assertion that the note at issue here is sufficiently clear that they are entitled to judgment against Ohio Edison as a matter of law. A genuine issue of material fact clearly exists regarding whether the Labate

-4-

-5-

Case No.  4:05-CV-2848
Gwin, J.

Defendants indicated with sufficient clarity that they were signing the disputed note solely in their corporate capacities.  As such, the Court rejects the Defendants' motion for summary judgment.

### IV.  CONCLUSION

For the reasons discussed above, the Court **DENIES** the Defendants' motion for summary judgment.

IT IS SO ORDERED.


Dated: September 28, 2006                           s/         *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE